UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MITCHELL B. GLASHOFER, | : | |
| Plaintiff, | : | Civil No. 15-3601 (RBK/AMD) |
| v. | : | OPINION |
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This suit arises from a dispute involving an insurance policy. Plaintiff Mitchell Glashofer ("Plaintiff") brings this suit against Defendant New Jersey Manufacturers Insurance Company ("NJM" or "Defendant"). Presently before the Court is Plaintiff's Motion to Enter Default Judgment ("Plaintiff's Motion") [Dkt. No. 9] and NJM's Motion to Vacate Default ("Defendant's Motion") [Dkt. No. 11]. For the reasons set forth below, Plaintiff's Motion will be **DENIED** and Defendant's Motion will be **GRANTED**.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

NJM issued an insurance policy (the "Policy") for the property of Plaintiff Mitchell Glashofer and his wife, Bernice Glashofer,[1] located at 7 N. New Haven Avenue in Ventnor, New Jersey (the "Property"). (Compl. [Dkt. No. 1] ¶ 5, Ex. P-1.) Damage to the Property occurred on January 29, 2013 resulting from a burst frozen pipe. (Compl. ¶ 7; Glashofer Cert. [Dkt. No. 6–6]

---

[1] Only Mitchell Glashofer is named as a plaintiff in this action. Bernice Glashofer is the named insured on the Policy, but Plaintiff is indicated as an "additional insured." (Compl. [Dkt. No. 1] at Ex. P-1.)

1

at 1.)  Following the damage, Plaintiff attempted to recover money based on the Policy.  NJM informed Plaintiff that the damage was not covered under the Policy, and therefore, Plaintiffs were not entitled to any relief.  (Compl. ¶¶ 8–9.)

Plaintiff filed the Complaint in this case on May 29, 2015.  (*See generally* Compl.)  On June 17, 2015, an NJM Receptionist was served with a copy of the Plaintiffs' Summons (the "Summons").  (Aff. of Service [Dkt. No. 4].)  After almost nine months without a response from NJM, Plaintiff requested that the Clerk enter default on March 1, 2016, (Pl.'s Request for Default [Dkt. No. 5]), and the Clerk did so the same day, (*see* Clerk's Entry of Default).  Plaintiff then moved for default judgment.  (*See generally* Pl.'s Mot.)  NJM upon receiving the Plaintiff's Motion, filed its Opposition and Motion to Vacate Default. (*See generally* Def.'s Mot. Br. [Dkt. No. 10].[2])

NJM explains that on the day NJM was served, it had procedures in place which detailed how its receptionists should handle any summons or subpoena:  (1) a summons or subpoena could only be accepted by an NJM employee working in Lobby B; (2) NJM employees working in Lobby B could only accept summons or subpoenas if they relate to NJM business, and are not for a specific NJM employee; (3) the summons or subpoena would be stamped "Received" along with the date; (4) the summons or subpoena would then be logged into the legal log book; and (5) once logged, all summons or subpoenas would be placed into an interoffice envelope to be sent to the Mail Services Department.  (Def.'s Mot. Br. at 8, ¶ 25.[3])  Once a summons was placed

---

[2] Defendant's Motion Brief was filed before the actual motion due to Defendant's procedural error of including a cross-motion in an opposition.  (*See* Clerk's Quality Control Message.)

[3] Defendant's Motion Brief is not paginated, so all page number references are to the page numbers assigned by the CM/ECF system.

into the interoffice envelope, Mail Services was supposed to pick it up, scan it into NJM's computer system, and forward it to NJM's claims center. (*Id*. at 8, ¶ 26.)

On June 17, 2015, the Summons was accepted, stamped, and logged by the Lobby B receptionist. (*Id*. at 8–9, ¶ 27.) It was then placed into an interoffice envelope[4] which directed it to the Mail Services Department of NJM. (*Id*.) From here, it appears that NJM's procedures broke down. NJM has no reason or definite cause as to why the Summons was never scanned into the NJM system, or why it was never forwarded to the claims department. (*Id*. at 9, ¶ 28.) NJM was not contacted by Plaintiff, his counsel, or any agent acting on his behalf with regards to the Complaint that was filed. (*Id*. at 9, ¶¶ 29–30.) NJM was then served with a copy of the Motion for Entry of Default Judgment on March 23, 2016, and now responds by requesting this Court to vacate default. (*Id*. at 9, ¶ 34.)

## II.     JURISDICTION

Plaintiff brings claims exclusively under state law. (*See* Compl. ¶¶ 6–16.) Plaintiff is a citizen of Pennsylvania, while Defendant is a New Jersey corporation with its principal place of business in New Jersey, (*id.* ¶¶ 1–2), and Plaintiff seeks more than $500,000 in damages. Thus, the parties are completely diverse and the amount in controversy exceeds the jurisdictional minimum for the Court to exercise subject-matter jurisdiction under 28 U.S.C. § 1332(a).

## III.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), courts may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action.

---

[4] Defendant uses the word "memo" in their fact section; however, it is clear from the context the Summons was placed in an envelope and not a memo.

*See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). While the entry of a default judgment is largely a matter of judicial discretion, the Third Circuit Court of Appeals has "repeatedly stated its preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984) (citations omitted).

Under Rule 55(a), there is a two-step procedure required for entry of default judgment: first, the Clerk must enter default, and then either the Clerk of the Court may enter default judgment under Rule 55(b). When an entry of default has been made and prior to default judgment being entered, Rule 55(c) provides that "the court may set aside an entry of default for good cause." The decision to set aside the entry of default in accordance with Rule 55(c) or a default judgment in accordance with Rule 60(b) is left "primarily to the discretion of the district court." *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002).

The standard used to set aside an entry of default under Rule 55(c) is also used when determining whether to enter default judgment under Rule 55(b). *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (examining the standard used for entering default judgment and citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984), which examines the standard for setting aside an entry of default). When seeking to set aside an entry of default or an entry of default judgment, the Court must consider three factors: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Id*. The Court must also consider, along with these factors, that default judgments are generally disfavored in the Third Circuit, as they prevent claims from being determined on the merits. *See Budget*

*Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95).

## III. DISCUSSION

Upon evaluation of the three factors to be examined for vacating an entry of default, the Court finds that Defendant's Motion for vacating the entry of default should be granted. The Court considers each of the factors below, but first the Court must address a procedural issue raised in the reply briefs.

### A. PROCEDURAL MATTERS

As an initial matter, the Court addresses the timeliness of Plaintiff's Reply [Dkt. No. 12]. NJM raises the issue that Plaintiff's Reply was filed out of time and so should be stricken. (Def.'s Reply [Dkt. No. 13] at 1.[5]) Plaintiff's Motion was filed on March 17, 2016, (*see generally* Pl.'s Mot.) and pursuant to L.Civ.R. 7.1, set for a return date of April 18, 2016, (*see* Docket Entry of March 17, 2016). NJM then filed its motion as a timely opposition to Plaintiff's Motion on March 30, 2016. (*See generally* Def.'s Mot.) As such, pursuant to L.Civ.R. 7.1(d)(3), any reply from Plaintiff was due seven days before the return date, i.e., April 11, 2016. However, Plaintiff did not file his reply until April 25, 2016, a full two weeks after the reply was due. (*See generally* Pl.'s Reply.) Even if Plaintiff's Reply were construed as an opposition to NJM's Motion to Vacate Default, it would still be untimely, as any opposition to that motion was due on April 18, 2016.

---

[5] Defendant's Reply is similarly not paginated, so any page number references are to the page numbers provided by the CM/ECF system.

However, despite these issues, the Court will consider Plaintiff's Reply in its assessment of the pending motions. NJM, as a party who has defaulted and is requesting the Court to vacate default, is on unsteady ground requesting this Court to reject Plaintiff's Reply out of hand due to timeliness.

### B. MERITORIOUS OR LITIGABLE DEFENSE

The Court concludes that NJM has a meritorious or litigable defense. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). "Simple denials or conclusory statements" by the defaulting party are insufficient to show a meritorious defense. *Id*. "While the defaulting party need not prove that it will win at trial, it must raise a defense that is meritorious on its face." *Pooler v. Mrs. Kurbitis Realty, LLC*, Civ. No 14–429 (WHW/CLW), 2015 WL 5897455, at *2 (D.N.J. Oct. 7, 2015).

Plaintiff argues that, absent any pleadings, it is impossible to readily ascertain any meritorious defenses that might be available to the defendant. (Pl.'s Mot. at 5.) Furthermore, Plaintiff claims that, when looking at all the material before the Court, NJM would not prevail if this case proceeds. (*Id*. at 4–5.) However, NJM as the defaulting party does not have to show that they will prevail at trial; rather, all they must show is that, on its face, their defense is litigable. *See Pooler*, 2015 WL 2897455, at *2. NJM has advanced at least one meritorious defense in its contention that the insurance policy issued by them does not cover the Plaintiff with respect to the damages at the property, and they rightly denied Plaintiff's claims. (Def.'s Mot. Br. at 13–14.) NJM further argues that Plaintiff was not taking reasonable care of the property and as a result was not entitled to collect on the insurance policy. (*Id*.)

Plaintiff further alleges that NJM's Motion merely presents "simple denials or conclusionary statements" that will not state a meritorious defense. (Pl.'s Reply [Dkt. No. 12] at 6–8.) However, the Court is satisfied that NJM has made sufficient factual allegations in support of its litigable defense. (*See* Def.'s Mot. Br. at 1–9, ¶¶ 1–21.) Therefore, this factor weighs in favor of NJM.

### C. CULPABLE CONDUCT

The next factor in the Court's examination is the conduct of the party moving to vacate default, which requires the Court to focus on whether or not NJM's delay in responding constitutes culpable conduct. In other words, the Court must determine whether the defendant acted "willfully or in bad faith." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982). "Culpable conduct surpasses mere negligence, and consists of willful, intentional, reckless or bad faith behavior." *S.G. Enterprise, LLC v. Seaboard Paper & Twine*, Civ. No. 14-3471 (WHW/CLW), 2015 WL 3630965, at *3 (D.N.J. June 10, 2015) (citing *Hritz*, 732 F. 2d at 1182). "Reckless disregard for repeated communications from the plaintiffs and the court . . . can satisfy the culpable conduct standard." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (quoting *Hritz*, 732 F.2d at 1183).

Plaintiff contends that the record establishes that NJM was properly served, but filed no answers or otherwise responsive pleadings, nor has NJM moved for extensions of time to respond. (Pl.'s Mot. at 6.[6]) In response to NJM's explanation for its failure to answer, Plaintiff responds that his counsel mailed a copy of the Request for Entry of Default. (Pl.'s Reply at 3–4.)

---

[6] Plaintiff also stated in his motion that there have been no appearances on behalf of NJM, and that there is no evidence or reason for the failure of NJM to respond. (Pl.'s Mot. at 6.) However, these assertions are now incorrect, as evidenced by the filing of Defendant's Motion and the appearance of Robert M. Kaplan, Esq. of the law firm Margolis Edelstein on behalf of NJM.

However, Plaintiff only provides a copy of the exterior of the envelope which was purportedly sent to NJM without a cancelation on the stamp, any proof of mailing, or any proof of receipt by NJM. (*See* Ex. C to Pl.'s Reply [Dkt. No. 12-3].)

As discussed above, there is a procedure set up at NJM through which summons and subpoenas are processed and handled. On the day of June 17, 2015, the Summons was accepted by an employee working in Lobby B, stamped and logged, placed in to an inter-office envelope directing it to the Mail Services Department, and picked up by that department. The Summons was never scanned in to the system and it was never forwarded in any form to the claims department for appropriate handling. The delay in response appears to be the result of negligence rather than the defendant acting "willfully or in bad faith." *Feliciano*, 691 F.2d at 657. Although nine months did pass between the filing of the Complaint and the entry of default in this case, there is no evidence that NJM purposely neglected to answer. Rather, NJM has made clear that it was entirely unaware of this suit due to an unintentional breakdown in its internal operating procedures. The Court will not deem this to be culpable neglect, thus this factor does not weight against NJM.

### D. PREJUDICE TO PLAINTIFF

Finally, Plaintiff has not demonstrated any prejudice that would result from vacating the entry of default judgment. "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment entered at an early stage of the proceeding." *Feliciano*, 691 F.2d at 656–57. Factors that contribute to a showing of prejudice to a plaintiff include loss of available evidence, increased potential for fraud of collusion, or substantial reliance upon the judgment. *Id.*

8

Plaintiff has not shown that its ability to pursue the claim has been damaged since the entry of the default judgment. Plaintiff contends that, absent an entry of default judgment, there will be no way of recovering funds owed. (Pl.'s Mot. at 6.) NJM argues that Plaintiff has not relied upon the judgment because default was only recently entered. (Def.'s Mot. at 11.) NJM further argues that vacating the entry of default would not increase the potential for fraud or collusion and there has been no loss in evidence. (*Id*. at 11-12.) NJM's position is further supported by the fact that Plaintiff waited almost nine months between serving NJM with the Summons and Complaint and requesting default in this case.

Although Plaintiff responds that it has been prejudiced because of this delay, (*see* Pl.'s Reply. at 11–13), the Court cannot agree. Plaintiff points to nothing to show prejudice, merely arguing that NJM should not have received an extra nine months to investigate Plaintiff's claim. (*Id.*) However, this misstates the record. NJM was not spending the time investigating Plaintiff's claim; as far as NJM was concerned, the claim was concluded and NJM was unaware of the suit. As correctly noted by Defendant, Plaintiff fails to assert "that there has been a loss of available evidence . . . . that vacating default would increase the potential for fraud or collusion . . . . [or] that [Plaintiff] has substantially relied on the entry of default." (Def.'s Reply [Dkt. No. 13] at 3.) The record here does not support a claim of prejudice justifying denial of relief, therefore, the Court concludes that this factor weighs in NJM's favor.

**IV.     CONCLUSION**

  For the foregoing reasons, Plaintiff's Motion will be DENIED and Defendant's Motion will be GRANTED.  Default will be VACATED and Defendant will be ordered to answer Plaintiff's Complaint within fourteen (14) days of the accompanying order.  An appropriate order accompanies this opinion.


Date:  August  9th , 2016

                s/ Robert B. Kugler
                ROBERT B. KUGLER, U.S.D.J.